Clay Robbins (State Bar No. 101275)
Baum, Hedlund, Aristei & Goldman, P.C.
10940 Wilshire Blvd, 17th Floor
Los Angeles, California 90024
Tel.: (310) 207-3233
Fax: (310) 820-7444
Email: crobbins@baumhedlundlaw.com
*Attorneys for Plaintiffs Cynthia A. Coler, as*
*Personal Representative and Administrator*
*of the Estate of Cassandra J. Webb, and on*
*behalf of Caleb J. Webb and Dustin M. Webb,*
*the Sole Surviving Heirs of Decedent, Cassandra J. Webb*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CYNTHIA A. COLER, as Personal Representative and Administrator of the Estate of Cassandra J. Webb, and on behalf of CALEB J. WEBB and DUSTIN M. WEBB, the Sole Surviving Heirs of Decedent, Cassandra J. Webb<br><br>Plaintiffs,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD., *et al.,*<br><br>Defendants. | Case No.: 2:20-cv-10283-CAS-JC<br><br>**JOINT STIPULATION TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT TO ALLOW THE PARTIES TIME TO CONDUCT MEDIATION; AND [PROPOSED] ORDER** |

Plaintiff, CYNTHIA COLER ("Plaintiff")*,* and Defendants Princess Cruise Lines, Ltd., *et al.* ("Defendants"), collectively referred to as the "Parties", hereby file the within Joint Stipulation and [Proposed] Order governing the Parties agreement to conduct mediation, and if unsuccessful, to establish a single date by

- 1 -

which the Defendants are to answer or move with respect to all cases arising from the airplane crash that forms the basis of this litigation:

WHEREAS, the within litigation arises from a mid-air collision between two aircraft that took place near Ketchikan, Alaska on May 13, 2019 (the "Mid-Air Collision");

WHEREAS, the following six separate lawsuits (involving 10 plaintiffs) are pending before this Court arising from the Mid-Air Collision; all have been designated as related cases; and have been assigned to this Court:

a. *Clifton Seliga and Brenda Seliga v. Princess Cruise Lines, Ltd., et al.*, Case No. 2:20-cv-10274-CAS-JC;

b. *Kevin Eckelkamp and Elizabeth Eckelkamp v. Princess Cruise Lines, Ltd., et al.*, Case No. 2:20-cv-10275-CAS-JC;

c. *Daniel Snyder and Vanka Snyder v. Princess Cruise Lines, Ltd., et al.*, Case No. 2:20-cv-10276-CAS-JC;

d. *Stacie Horton and Kim Castro v. Princess Cruise Lines, Ltd., et al.*, Case No. 2:20-cv-10277-CAS-JC;

e. *Mary James v. Princess Cruise Lines, Ltd., et al.*, Case No. 2:20-cv-10278-CAS-JC;

f. *Cynthia Coler, et al v Princess Cruise Lines, Ltd, et al.*, Case No. 2:20-cv-10283-CAS-JC (collectively the actions identified above shall be referred to as the "Related Actions"). The parties are filing an identical Joint Stipulation and [Proposed] Order in each of the Related Actions.

WHEREAS, pursuant to a Stipulation previously entered into by the Parties, the Related Actions were filed in this Court prior to November 13, 2020 and service was completed within 90 days via electronic and regular mail pursuant to the Parties' agreement. A copy of the fully executed Stipulation concerning the Related Actions is attached as Exhibit "A".

STIPULATION TO EXTEND TIME TO
RESPOND TO INITIAL COMPLAINT

2:20-cv-10283-CAS-JC

1    WHEREAS, in addition to serving the Complaints via electronic and regular

2 mail pursuant to the Parties' agreement, the Plaintiffs served the Complaints via

3 the waiver of service method to grant the defendants additional time to respond to

4 the various Complaints, this was done in an effort to allow the Parties to schedule

5 mediation to determine if all litigation arising from the Mid-Air collision could be

6 amicably resolved.  (Copies of duly executed waiver of service forms signed by the

7 defendants are attached as Exhibit "B".);

8    WHEREAS, pursuant to the Parties' agreement, the Defendants are to

9 answer or move with respect to the Complaints in each of the Related Actions on

10 or before February 26, 2021;

11    WHEREAS, prior and subsequent to the filing of the Related Actions, the

12 parties have on numerous occasions discussed engaging in mediation in a

13 coordinated effort to resolve all litigation arising from the Mid-Air Collision.

14 Although the Parties have diligently attempted to schedule mediation, this has

15 proven difficult due to various issues beyond the parties' control;[1]

16    WHEREAS, all parties have now agreed to engage in a mediation.  In

17 addition, all parties, with the exception of the workers' compensation carrier, has

18 agreed to the Honorable Paris Kallas (Ret.) located in Seattle, Washington to act as

19 the mediator.  The parties anticipate that the workers' compensation carrier will

20 likewise agree to Judge Kallas acting as the mediator, and we expect to hear from

---

[1] In addition to the six lawsuits pending before this Court involving ten victims of the Mid-Air Collision, there are five additional claimants who were occupants of one of the aircraft involved in the Mid-Air Collision.  Certain cases have been filed in Alaska State Court, and others have yet to be filed.  As such, coordinating the mediation has been difficult.  Also leading to this delay is the pendency of a workers' compensation lien that has been asserted against one of the five occupants of one of the aircraft.  Since there is limited insurance coverage the claims of the workers' compensation carrier likewise need to be resolved.  The workers' compensation carrier has recently retained counsel and has only recently indicated a willingness to participate in mediation.

STIPULATION TO EXTEND TIME TO
RESPOND TO INITIAL COMPLAINT

2:20-cv-10283-CAS-JC

counsel for the workers' compensation carrier within the next few days. In addition, the Parties have already contacted Judge Kallas and are in the process of obtaining dates for a mediation within the next 30 days;

WHEREAS, the Parties have further agreed that in the event that a resolution of the cases is not achieved, that a single date be set for the Defendants to file their responsive pleadings in all of the Related Actions;

WHEREAS, this is the first request for an extension of time with respect to Defendants responsive pleadings and this stipulation is interposed in the interests of justice, and not for purposes of delay or any other improper purpose;

NOW THEREFORE IT IS HEREBY STIPULATED by and between all of the parties to this action and the Related Actions, and subject to the approval of the Court, that:

1.    Defendants' responsive pleadings to the Complaint shall be continued to afford the Parties time to conduct a mediation in an effort to resolve the case;[2]

2.    Defendants shall have to and including April 9, 2021 within which to answer or otherwise move with respect to the Complaints filed in each of the Related Actions.

IT IS SO STIPULATED.

DATED: 2/22/2021

Baum, Hedlund, Aristei
& Goldman, P.C.
*/s/ Clay Robbins III*

---

[2] It is anticipated that the Defendants shall move to dismiss the Complaints on the basis of lack of *in personam* jurisdiction (as to the airline defendants) and failure to state a claim (as to the cruise line). It is specifically agreed between the Parties that by entering into this Stipulation, all defenses related to lack of *in personam* jurisdiction, except for claims related to improper service, are preserved.

|    |    |    |
|----|----|----|
| 1  |    | Clay Robbins III |
| 2  |    | *Counsel for Plaintiffs Cynthia A. Coler, as* |
| 3  |    | *Personal Representative and Administrator of the Estate of* |
| 4  |    | *Cassandra J. Webb, and on behalf of Caleb J. Webb and* |
| 5  |    | *Dustin M. Webb,* |
| 6  |    | *the Sole Surviving Heirs of Decedent, Cassandra J. Webb* |
| 7  |    | |

8

9     DATED: 2/22/2021           LAMontagne & Amadour

10

11                                */s/ Ralph LaMontagne*
Ralph LaMontagne, Esq.

12                                *Counsel for Venture Travel, LLC, Doing Business As Taquan Air*

13

14

15     DATED: 2/22/2021           Flynn, Delich & Wise, LLP

16

17                                */s/ Nicholas S. Politis*
Nicholas S. Politis, Esq

18                                *Counsel for Princess Cruise Lines, Ltd, doing business as Princess Cruises*

19

20

21     DATED: 2/22/2021           Clapp Peterson Tiemessen Thorsness

22

23                                */s/ John B. Thorsness*
John B. Thorsness, Esq.

24                                *Counsel for Mountain Air Service, LLC*

25

26

27

- 5 -

STIPULATION TO EXTEND TIME TO
RESPOND TO INITIAL COMPLAINT           2:20-cv-10283-CAS-JC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**<u>Filer's Attestation</u>**

I, Clay Robbins III, am the ECF user whose identification and password are being used to file this STIPULATION TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all counsel identified in this document concur in this filing.

<u>*/s/ Clay Robbins III*</u>
Clay Robbins III

STIPULATION TO EXTEND TIME TO
RESPOND TO INITIAL COMPLAINT

2:20-cv-10283-CAS-JC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## **CERTIFICATE OF SERVICE**

On February 22, 2021, I caused the foregoing to be filed and served via the court's CM/ECF system, which will automatically electronically serve all counsel of record herein.

*/s/ Clay Robbins III*
Clay Robbins III

- 7 -

STIPULATION TO EXTEND TIME TO
RESPOND TO INITIAL COMPLAINT

2:20-cv-10283-CAS-JC